IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MARK HERBERT SCHMITT,        *
                             *
         Plaintiff,          *
                             *
    v.                       *      CV 110-102
                             *
SUSAN M. REIMER, et al.,     *
                             *
         Defendants.         *

## ORDER

Presently pending before the Court is Plaintiff's emergency motion for temporary restraining order and preliminary injunction, which was filed on September 13, 2010.[1] (Doc. no. 14.) The Court has considered Plaintiff's motion, and it is **DENIED** for the reasons set forth below.

## DISCUSSION

On August 2, 2010, Plaintiff Mark Herbert Schmitt ("Plaintiff"), proceeding *pro se*, filed the present action against sixteen (16) named defendants.[2] The allegations in Plaintiff's complaint arise out of events related to his

---

[1] While Plaintiff does not identify his motion as an emergency motion for a temporary restraining order and preliminary injunction, based upon the substance of the motion and Plaintiff's *pro se* status, the Court shall construe it as such.

[2] That same day, Plaintiff filed a separate action against Superior Court Judge Daniel Craig, who is also a defendant in this action. See Schmitt v. Craig, No. 1:10-cv-103 (S.D. Ga.). Plaintiff has filed an emergency motion for temporary restraining order and preliminary injunction in that action too, which is dealt with in a separate order.

divorce from Linda H. Schmitt. Defendants in this action include, *inter alia*, Plaintiff's former wife, Linda H. Schmitt, Superior Court Judge Daniel Craig ("Judge Craig"), the judge who presided over Plaintiff's divorce proceedings, and several attorneys, including the attorney who represented Plaintiff during his divorce proceedings. Plaintiff contends that Defendants are part of a "divorce conspiracy racket" in which "divorce Judges and the attorneys all conspire to a common agenda of protecting the woman." (Compl. at 4.)

According to Plaintiff's pending motion, a hearing has been scheduled to occur on September 15, 2010, in connection with Plaintiff's recent divorce. (Doc. no. 14.) The hearing is set to take place in Augusta, Georgia, before Judge Craig, a named defendant in both federal actions recently brought by Plaintiff. (Id.) Plaintiff states in his motion that he fears he may be ordered incarcerated by Judge Craig. (Id.) Plaintiff contends that Judge Craig "has created a conflict of interest" by allowing the hearing to be scheduled, and is "attempting to subvert justice by incarcerating [Plaintiff] during the divorce proceedings and effectively halting both federal lawsuits." (Id.) Plaintiff thus asks that the Court stop the divorce proceedings presided over by Judge Craig. (Id.)

2

Granting a temporary restraining order or preliminary injunction is only proper if the moving party establishes the following four elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); see also Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1474 (11th Cir. 1985) ("As is the case with a temporary restraining order, a party seeking a preliminary injunction must show a substantial likelihood of success on the merits."). Both temporary restraining orders and preliminary injunctions are extraordinary remedies that are "not to be granted unless the movant clearly establishes the 'burden of persuasion' as to each of the four prerequisites." Redford v. Gwinnett Jud. Cir., 350 Fed. Appx. 341, 345 (11th Cir. 2009).

Plaintiff provides no evidence or law in support of his motion. In addition, Plaintiff's allegations in his complaint are largely conclusory and seemingly implausible. See id. ("[Plaintiff's] implausible allegations were insufficient to meet his burden of persuasion for a preliminary injunction."). The Court also notes that

3

multiple defendants in this action have filed motions to dismiss. A cursory review of these motions shows that many of Plaintiff's claims, if not all of them, may be dismissed at an early stage in these proceedings.[3]

After a thorough review of Plaintiff's motion and his complaint, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits.[4] Thus, Plaintiff's emergency motion for temporary restraining order and preliminary injunction (doc. no. 14) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of September, 2010.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] For instance, the Court notes that Judge Craig has asserted the defense of judicial immunity, which may serve as a complete bar to all claims against him.

[4] Further, Federal Rule of Civil Procedure 65 only allows a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff has failed to comply with the applicable rule. Not only has Plaintiff failed to certify in writing any efforts made to give notice and the reasons why Plaintiff should not be required to do so, but Plaintiff has failed to present to the Court a certificate of service in conjunction with his motion, as required by Local Rule 5.1.