IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARK HERBERT SCHMITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-102 |
| | ) | |
| SUSAN M. REIMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff filed the above-captioned case in August of 2010, and paid the $350.00 filing fee. Because he is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case. (Doc. no. 5.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1.) The Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of individual defendants or his entire lawsuit. (Id. at 2.) Moreover, the Court notified Plaintiff that if any defendant chose not to waive formal service of process, he would nevertheless be responsible for properly effecting service of the summons and complaint. (Id.)

After the time period for service had elapsed, and there was no evidence in the record that Defendant Amy D. Kilpatrick had been served, the Court directed Plaintiff to show cause why Defendant Kilpatrick should not be dismissed without prejudice for failure to effect

service. (Doc. no. 89.) On September 28, 2011, Plaintiff responded to the Court's Show Cause Order. (Doc. no. 96.) Plaintiff states that he twice attempted to mail Defendant Kilpatrick a request to waive formal service, the first time on August 14, 2010, and the second time on November 2, 2010. (Id. at 3.)

Plaintiff then proceeds to level a variety of accusations of wrongdoing against Defendant Craig, a Judge in the Superior Court of Richmond County who appears to have presided over Plaintiff's divorce proceedings. (See id. at 3-4; see also doc. nos. 1, 97.) In particular, based on Judge Craig's purported actions regarding Plaintiff's parental rights, along with a "general warning" from an acquaintance, Plaintiff states that he left Georgia and traveled to Florida and then South Carolina. (Doc. no. 96, p. 3.) Plaintiff asserts that Judge Craig had him "falsely arrested" in South Carolina but that he was released in February of 2011. (Id. at 3-4.) Plaintiff alleges that Judge Craig's actions therefore somehow prevented him from entering Georgia from September 16, 2010, until June 11, 2011. (See id. at 4.) Plaintiff further asserts that he "has been prevented from effecting service on [Defendant] Kilpatrick directly and indirectly through the actions of Defendant Judge Craig." (Id.) Notably, there is still no evidence in the record of Defendant Kilpatrick having been served, and, despite his request for a further extension of the time in which to effect service, Plaintiff does not claim any attempt to effect service after June 11, 2011.

As the Court explained in its August 18, 2011 Show Cause Order, under Fed. R. Civ. P. 4(m), courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 89, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).)

2

Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)).

Here, the Court finds that it is not appropriate to further extend the time for effecting service. There is no evidence that a refiled action would be time-barred, and Plaintiff's allegation that he attempted to mail Defendant Kilpatrick waiver requests roughly a year ago is unavailing. There is no evidence that Defendant Kilpatrick actually received the requests for waiver, such as a waiver request form returned unexecuted; nor is there any indication that Defendant Kilpatrick is evading service. Moreover, the Court specifically warned Plaintiff that he was responsible for properly effecting service of the summons and complaint in the event that any defendant did not waive formal service. (Doc. no. 5, p. 2.) Furthermore, Plaintiff's allegations regarding his incarceration due to the purportedly improper actions of Judge Craig do not explain why Plaintiff has failed to effect service of process when more than a year has elapsed since he filed his complaint and the service deadline expired over six months ago.

In short, Plaintiff has not shown that his failure to effect service on Defendant

Kilpatrick is due to excusable neglect or any other reason that would justify an extension of the time for service. The Court has warned Plaintiff on two separate occasions that failure to effect service upon individual defendants would lead to dismissal of those defendants from this case. (See doc. nos. 5, 89.) Fed. R. Civ. P. 4(m) directs that, should a Plaintiff fail to timely effect service on a defendant, the Court shall "dismiss the action without prejudice against that defendant." Accordingly, in the absence of *any* reason to further extend the time for service, it is appropriate to recommend the dismissal of Plaintiff's claims against Defendant Kilpatrick. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's claims against Defendant Kilpatrick be **DISMISSED** without prejudice for failure to timely effect service and that Defendant Kilpatrick be **DISMISSED** from this case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 21st day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE