```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                    AUGUSTA DIVISION
```

MARK HERBERT SCHMITT,           *
                                *
            Plaintiff,          *
                                *
     v.                         *       CV 110-102
                                *
SUSAN M. REIMER, et al.,        *
                                *
            Defendants.         *

## O R D E R

On September 28, 2011, Plaintiff Mark Herbert Schmitt ("Plaintiff"), proceeding *pro se*, filed his amended complaint against fifteen (15) named defendants. The allegations in Plaintiff's amended complaint arise out of events related to his recent divorce. Defendants in this action include, *inter alia*, Plaintiff's former wife, Linda H. Schmitt, Superior Court Judge Daniel Craig, the judge who presided over Plaintiff's divorce proceedings, and several attorneys, including the attorney who represented Plaintiff in his divorce proceedings. Plaintiff brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., as well as 42 U.S.C. §§ 1983 and 1985, alleging violations of his rights under the First, Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments of the United States Constitution. (Doc. no. 97.)

Presently pending before the Court are seven separate motions to dismiss filed by Defendants Reimer, Craig, Sams, Frey, Garcia,

Coleman, Surrett, Bradford, Glover, Myers, Schmitt, Barbara Smith, and Beth Smith. (Doc. nos. 115, 116, 119, 122, 123, 125, 133.) Defendant Craig has also filed a motion to stay discovery, pending the resolution of his motion to dismiss. (Doc. no. 121.)

In light of the pending motions, the Court has reviewed the record, including Plaintiff's amended complaint, and finds that this case presents unique issues that warrant a complete stay of discovery.[1] See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Accordingly, the parties shall not be required to hold a Rule 26(f) conference until such conference is ordered by the Court, and all related deadlines will be set at that time or soon thereafter. Thus, to the extent set forth in this Order, Defendant Craig's motion to stay discovery (doc. no. 121) is **GRANTED**. Further, all discovery in this case is **STAYED** pending further action of the Court.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of March, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court also notes that a complete stay of discovery is also warranted in light of Defendant Craig's assertion of immunity. "The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (citations omitted). By forcing Defendant Craig to endure the burdens of discovery, his immunity defenses would be practically lost. Furthermore, allowing discovery to continue as to all parties but Defendant Craig is not a reasonable option here. "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Defendant Craig] and [his] counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [his] position." Id.